UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MONICA A. HARMON,

     Plaintiff,

v.

SYNERGETIC COMMUNICATIONS, INC.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

3.     Plaintiff, MONICA A. HARMON, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.     Defendant, SYNERGETIC COMMUNICATIONS, INC., is a corporation and citizen of the State of Texas with its principal place of business at Suite 1000, 5450 Northwest Central Drive, Houston, Texas 77092.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

8.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes, actually due by some other person.

10.    Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> June 17, 2010 at 12:10 PM
> Yes, this message is for Lisa Bogless or Raymond Bogless. My name is Baylor, my number is 800-580-8615. My direct extension is 158. Please give me a call upon receipt of this message. If this is not Lisa Bogless, uh, Bogus or Raymond Bogless, please hang up. By continuing to listen to this call, you are in fact acknowledging that you are Lisa or Raymond Bogless. Be advised in accordance with federal law we are advising you the purpose of

2

this call is to collect a debt. Any and all information obtained will be used for this purpose.

<u>July 8, 2010 at 11:46 AM</u>
Uh, this is a message for Lisa or Raymond Bert, uh Bogus. Uh, my name is Scott McKey and I'm trying to reach you in reference to a personal business matter. Uh, please return the call to me at your earliest possible convenience. My toll-free number is 1-800-580-8615, extension 179. Uh, please have, uh, the reference number when you call and it is um, 1384744. Uh, if this is not the voicemail of Raymond or Lisa Bogus, please hang up or disconnect now. There will be a three second pause after which I will continue with personal and private information for Raymond or Lisa Boges only. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Once again, my name is Scott McKey, uh my number is 1-800-580-8615, extension 179. Uh, please have your reference number when you call. It is 1384744. Thank you. You have a good day.

11.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See <u>*Berg v. Merchs. Ass'n Collection Div*</u>., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.    Defendant failed to disclose its name to Plaintiff in the messages.

14.    The messages appear to be collecting a debt for a Raymond or Lisa

Boges.

15.    Plaintiff is not liable for the debt of Raymond or Lisa Boges, nor does

Plaintiff know Raymond or Lisa Boges.

16.    It is harassing to telephone a person who does not owe debts and then

require the non-obligated party to listen to and respond to telephone messages.

17.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

18.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19.     Plaintiff incorporates Paragraphs 1 through 18.

20.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.      Damages;

        b.      Attorney's fees, litigation expenses and costs of suit; and

        c.      Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

21.     Plaintiff incorporates Paragraphs 1 through 18.

22.     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), *Clarke, Kerryjoe N. v Weltman, Weinberg & Reis, Co., et al.,* Case No.: 10-60600-Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23.     Plaintiff incorporates Paragraphs 1 through 18.

24.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    a declaration that Defendant's calls violate the TCPA;

c.    a permanent injunction prohibiting Defendant from placing

non-emergency calls to the cellular telephone of Plaintiff using an

automatic telephone dialing system or pre-recorded or artificial voice

of the called party; and

d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658